**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ABEL NERIA,** | § § § | |
| Plaintiff, | § § § | **Civil Action No.:** |
| **v.** | § § | |
| **DISH NETWORK, LLC,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

### COMPLAINT

ABEL NERIA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DISH NETWORK, LLC ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff is a natural person, who resides in Bellmead, Texas 76705.

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.      Defendant is a corporation with its headquarters located at 9601 S. Meridian Blvd., Englewood, Colorado, 80112.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Plaintiff has a cellular telephone number that he has had for at least one year.

10.     Plaintiff has only used this phone as a cellular telephone.

11.     Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

12.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

2

13.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Plaintiff received calls from Defendant that included a recording before a live representative came on the line.

14.     Defendant's telephone calls were not made for "emergency purposes" rather the calls were made to collect on a debt related to cable equipment.

15.     Desiring to stop Defendant's repetitive calls, Plaintiff spoke to Defendant soon after the calls began and revoked any prior consent that he granted to Defendant to call his cellular telephone.

16.     Despite the above, Defendant ignored Plaintiff's demand that calls cease, and persisted in calling Plaintiff on his cellular telephone.

17.     These calls were frustrating and annoying for Plaintiff, so he downloaded a blocking application to stop Defendant's calls.

18.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.      As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ABEL NERIA, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ABEL NERIA, demands a jury trial in this case.

Respectfully submitted;

DATED:  July 19, 2019       By:   /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com