# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ABEL NERIA,<br>　　　　*Plaintiff,*<br><br>v.<br><br>DISH NETWORK L.L.C.,<br>　　　　*Defendant.*<br><br>─────────────────────────<br><br>DISH NETWORK L.L.C.<br>　　　　*Counterclaimant,*<br><br>v.<br><br>ABEL NERIA,<br>　　　　*Counterdefendant.* | CASE NO. 6:19-CV-00430-ADA-JCM |

## ORDER GRANTING DEFENDANT DISH NETWORK LLC'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 29), Plaintiff's Response (ECF No. 34), and Defendant's Reply (ECF No. 36). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined Defendant's Motion for Summary Judgment should be **GRANTED**.

### I.　　BACKGROUND

Plaintiff Abel Neria is a former customer of Defendant and alleges he received phone calls from Defendant in violation of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1. Defendant is the provider of DISH Network® brand direct broadcast satellite television products and services to residential and business customers throughout the United States. ECF No. 29-1 at 3.

1

On February 3, 2016, Plaintiff commenced his consumer relationship with Defendant by signing two contracts: the DISH Home Advantage Plan Agreement ("DHA") and the Residential Customer Agreement ("RCA"). ECF Nos. 29-3; 29-4; 29-1 at 5. Under the DHA, Defendant agreed to provide certain satellite television services to Plaintiff in accordance with a 24-month term commitment. ECF No. 29-3. In exchange, Plaintiff agreed to pay monthly by the payment due date for the programming and pay all other applicable prices, fees and charges. ECF Nos. 29-2 at 54:4–7; 29-3 at 2.

Plaintiff expressly consented to "[Defendant] and/or any debt collection agency" calling him using an automatic telephone dialing system ("ATDS") or an artificial/prerecorded voice regarding his account with Defendant. ECF No. 29-3 at 3. Plaintiff provided telephone number 254-229-8465 (the "8465 number") to Defendant to receive these calls. *Id.* at 1. The RCA provided that Defendant was permitted to contact Plaintiff regarding his account. ECF No. 29-4 at 11–12.

Plaintiff began receiving DISH services immediately after signing the DHA. ECF No. 29-1 at 11. Plaintiff paid all his bills for these services, except the last one. ECF Nos. 29-2 at 58:16–24; 29-9. On July 14, 2016, Plaintiff ended his customer relationship with Defendant by terminating his DISH service and contract. ECF No. 29-1 at 12. Defendant's records show that Plaintiff owes DISH $622.61. ECF Nos. 29-1 at 13; 29-9. On July 28, 2016, Defendant placed Plaintiff's account with CIO Primary, Inc. ("CIO"), a debt collection agency, because of Plaintiff's overdue balance. ECF No. 29-1 at 9.

Sometime in 2016, Plaintiff allegedly began receiving "harassing" calls from Defendant and/or its purported agent, CIO, at the 8465 number. ECF Nos. 29-2 at 38:14–18; 34-1 at 4–5. Plaintiff estimates that he received fifteen or sixteen calls in total. ECF No. 29-2 at 38:11–13. Plaintiff allegedly spoke with a representative soon after the calls began and told the representative

2

to stop calling him. ECF No. 34-1 at 8. Despite Plaintiff's alleged revocation of consent to receive phone calls, the calls from Defendant and/or CIO allegedly continued. *Id.* at 9–10. On January 30, 2017, Plaintiff's attorney sent a cease and desist letter to Defendant on Plaintiff's behalf. ECF Nos. 29-1 at 10; 29-6. Plaintiff does not allege that he received any calls from Defendant or CIO after January 30, 2017. ECF No. 29-2 at 43:7-23.

Defendant's records show that in 2016, Defendant called the 8465 number four times: two calls on February 3, 2016 and two calls on February 4, 2016. ECF Nos. 29-1 at 6-7; 29-5.  Plaintiff offers no phone records or other evidence to support his allegation that he received approximately fifteen or sixteen calls from Defendant and/or CIO. ECF Nos. 29-8; 20-8.  Plaintiff offers only his personal recollection of having received "harassing" calls. ECF Nos. 29-2; 34-1.

Plaintiff commenced this lawsuit on July 19, 2019, alleging that Defendant violated the TCPA. ECF No. 1. Plaintiff alleges that Defendant and/or its purported agent, CIO, repeatedly called the 8465 number using an ATDS or prerecorded voice after he orally revoked consent. *Id.* On September 13, 2019, Defendant filed a counterclaim for breach of contract in the amount of $622.61. ECF No. 9.

On April 6, 2020, Defendant filed a motion for summary judgment. Def.'s Mot. for Summ. J., ECF No. 29. Defendant argues that it is entitled to summary judgment on the TCPA claim because Plaintiff presented no evidence showing that Defendant called him in violation of the TCPA or that there is an agency relationship between CIO and Defendant. *Id.* Defendant also argues that there is no genuine issue of material fact regarding any element of the breach of contract counterclaim. *Id.* at 13. On April 27, 2020, Plaintiff filed its Response. ECF No. 34. Plaintiff claims there is a genuine issue of material fact as to whether Plaintiff revoked consent, whether calls were made to the 8465 number using an ATDS or prerecorded voice, and whether CIO is an agent of

Defendant. *Id.* at 4–6. Plaintiff also argues there is a genuine issue of material fact concerning damages on the breach of contract counterclaim. *Id.* at 9.  On May 1, 2020, Defendant filed its Reply and challenges Plaintiff's declaration filed with Plaintiff's Response as a sham affidavit that the Court should disregard. ECF No. 36. Defendant argues that Plaintiff has failed to present evidence to raise a genuine issue of material fact with respect to both the TCPA claim and the breach of contract counterclaim. *Id.*

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

### III.   ANALYSIS

Defendant argues that it is entitled to summary judgment for both the TCPA claim and the breach of contract counterclaim. Def.'s Mot. 2-3. The Court finds Plaintiff has failed to show a genuine issue of material fact and grants Defendant's motion for summary judgment.

**A. Plaintiff's TCPA Claim**

The Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii), "regulates the use of telephones to contact consumers." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 748 (W.D. Tex. 2011). The TCPA forbids the use of certain automated telephone equipment,

including ATDS or an artificial or prerecorded voice to call a cellular telephone without prior express consent of the consumer. *Id*. A plaintiff must prove three elements to succeed on a TCPA claim: (1) the defendant made a call to a cellular telephone; (2) the call used an artificial/prerecorded voice or ATDS; and (3) the call was made without the recipient's consent. *Id.*

### 1. The Court Disregards Plaintiff's Self-Serving Affidavit

Defendant argues that the Court should disregard the declaration filed with Plaintiff's Response because it is an affidavit that distorts and impeaches Plaintiff's prior testimony without explanation. Def.'s Reply 1. The Court agrees with Defendant and disregards Plaintiff's declaration because Plaintiff offers no explanation to rationalize the inconsistencies between his deposition and subsequent affidavit.

For example, Plaintiff was unable to recall the year in which he allegedly received the calls in his deposition. ECF No. 29-2 at 41:21-42:9. In Plaintiff's new declaration, Plaintiff claims that "beginning in or around early 2016, [he] received repeated calls" from Defendant. ECF No. 34-1 at 4. Further, when asked in his deposition if "someone on the call [identified] themselves as an employee of [Defendant]," Plaintiff replied that "they never did." ECF No. 36-10 at 39:25-40:2. Yet in Plaintiff's new declaration, he claims "the representatives disclosed that they were calling on behalf of [Defendant]." ECF No. 34-1 at 7.

Plaintiff offers no explanation to justify the discrepancies between his deposition testimony and his subsequent declaration. *See* ECF 34-1. Accordingly, the Court disregards Plaintiff's new declaration because it is "well settled that [a] court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495 (5th Cir. 1996); *see also Guerrero v. Total*

*Renal Care, Inc.*, 932 F. Supp. 2d 769, 776 (W.D. Tex. 2013) ("A party cannot manufacture a genuine issue of material fact by submitting [a declaration] that impeaches prior testimony without explanation.").

### 2. Elements of TCPA Claim

A plaintiff asserting a claim under the TCPA must prove: (1) defendant made a call to a cellular telephone (2) using a prerecorded voice or ATDS (3) without the recipient's consent. *See Adamcik*, 832 F. Supp. 2d at 748. In this case, Plaintiff alleges that DISH repeatedly called him in violation of the TCPA. ECF No. 1. In support of its motion for summary judgment, Defendant argues that it had consent to call Plaintiff at the 8465 number and that Plaintiff has no evidence that Defendant used an ATDS or prerecorded voice in making the alleged calls. Def.'s Mot. 2, 9, 12; Def.'s Reply 6, 8–9. The Court agrees.

*(1) Defendant's Phone Calls to Plaintiff*

Defendant's records show that in 2016, Defendant called Plaintiff four times: two calls on February 3, 2016 and two calls on February 4, 2016. ECF Nos. 29-1 at 6–7; 29-5. No other telephone calls exist on the record. Plaintiff offers no evidence to support his allegation that he received approximately fifteen or sixteen calls from Defendant. ECF Nos. 29-8; 20-8; 34-1.

Plaintiff cannot rebut Defendant's call log showing four calls with his vague and unsupported "recollection" of other calls. *Fennell v. Navient Sols.*, *LLC*, No. 6:17-cv-2083, 2018 U.S. Dist. LEXIS 223047, at *16 (M.D. Fla. 2018). Under strikingly similar facts, in *Fennell*, the plaintiff relied "primarily on her own testimony to demonstrate that [d]efendant called her more times than are listed on the call log." 2018 U.S. Dist. LEXIS at *16–17. The plaintiff provided "no additional evidence (such as screenshots of calls from [d]efendant or her own call records) that would corroborate her recollection" that defendant repeatedly called her. *Id.* The court ultimately

held that "[p]laintiff has failed to demonstrate that the [c]all [l]og does not contain all the calls between her and [d]efendant." *Id.*

Here, like *Fennell*, Plaintiff failed to provide any evidence outside of his self-serving declaration to support his assertion that Defendant's call log is incomplete. Plaintiff's "self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence." *Smith v. Sw. Bell Tel. Co.*, 456 F. App'x 489, at *3 (5th Cir. 2012); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming "self-serving allegations" are "not the type of significant probative evidence required to defeat summary judgment"). Plaintiff cannot defeat summary judgment with his self-serving declaration that contradicts the evidence on the record.

*(2) Prerecorded Voice or ATDS*

An ATDS is "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The "TCPA plaintiff has to prove that ATDS was used." *Ruffrano v. HSBC Fin. Corp.*, No. 15-cv-958A, 2017 U.S. Dist. LEXIS 132674, at *17 (W.D.N.Y. Aug. 17, 2017).

Here, Plaintiff claims that Defendant used an ATDS or prerecorded voice when calling him. However, Plaintiff has failed to "present any evidence to show if or how" Defendant used an ATDS or prerecorded voice. *Gillard v. Receivables Performance Mgmt., LLC*, No. 14-02392, 2015 WL 3456751, at *3-4 (E.D. Pa. June 1, 2015).[1] Because there is insufficient evidence to show that

---

[1] *See also Shupe v. Bank of Am. NA*, No. cv-13-00019-TUC-JGZ, 2015 WL 1130010, at *1 (D. Ariz. Mar. 12, 2015) ("Plaintiffs are not entitled to relief under the [TCPA] because they failed to show that any of the telephone calls made by [d]efendant were prerecorded."); *Gary v. TrueBlue, Inc.*, No. 18-2281, 2019 WL 5251261, at *1-2 (6th Cir. Sep. 5, 2019) (affirming that "the statute requires a showing that the system has the capacity to randomly or sequentially dial or text phone numbers" and plaintiff had "submitted no evidence that [defendant] used an ATDS."); *Franklin v. Upland Software, Inc.*, No. 1-18-cv-00236-LY, 2019 WL 433650, at *2 (W.D. Tex. Feb. 1, 2019) ("In the Court's examination of the summary judgment evidence, it can find nothing to suggest that an ATDS was used.").

Defendant or CIO "initiated any calls using an artificial or prerecorded voice, summary judgment is appropriate on Plaintiff's ATDS claim." *Morris v. Copart,* No. 4:15-cv-724, 2016 WL 6608874, at *8 (E.D. Tex. Nov. 9, 2016); *see also Ferguson v. Innovate Loan Servicing Corp.*, No. 118-cv-03071-ELR-LTW, 2020 WL 1467361, at *7 (N.D. Ga. Jan. 13, 2020) (noting that a "Plaintiff's TCPA claim fails as a matter of law, and summary judgment is proper" when a plaintiff presents no evidence proving calls were made via an ATDS or prerecorded voice).[2]

*(3) Consent*

When analyzing a TCPA claim, the threshold issue is whether the defendant made a call "absent the prior express consent of the telephone call recipient." *Young v. Medicredit Inc.,* No. H-17-3701, 2019 U.S. Dist. LEXIS 71020, at *5 (S.D. Tex. Apr. 26, 2019); *see also Avio, Inc. v. Alfoccino, Inc.*, 311 F.R.D. 434, 443 (E.D. Mich. 2015) ("Consent is a defense to liability under the TCPA."). Here, Plaintiff expressly consented to receive phone calls from Defendant when he signed up for Defendant's services on February 3, 2016. ECF No. 29-2 at 36:25–37:7. On January 30, 2017, Plaintiff expressly revoked consent by sending a cease and desist letter to Defendant. ECF Nos. 29-1 at 10; 29-6; 29-2 at 36:25–37:7. Plaintiff admits that he did not receive any calls after he revoked consent on January 30, 2017. ECF No. 29-2 at 43:7–23.

Plaintiff has failed to present evidence raising a genuine issue of material fact supporting his claim that he orally revoked consent. *See Young*, 2019 U.S. Dist. LEXIS 71020, at *6–9 (holding that plaintiff "failed to present evidence that raises a genuine, triable issue regarding an alleged oral revocation of consent" when plaintiff had no recordings of the calls and could not

---

[2] *See also Hamilton v. Spurling*, No. 3:11-cv-00102, 2013 WL 1164336, at *4 (S.D. Ohio Mar. 20, 2013) (granting summary judgment in favor of defendant as "no evidence was provided to indicate 'using a random or sequential number generator' as is required for a device to be considered an ATDS under § 227(a)(1) of the TCPA."); *Dominguez v. Receivables Performance Mgmt.*, No. EP-13-cv-117-PRM, 2014 WL 2112123 (W.D. Tex. Apr. 29, 2014) (granting defendant's motion for summary judgment when plaintiff failed to provide evidence to suggest that defendant used an ATDS or prerecorded voice to call plaintiff).

9

remember when the calls occurred); *Tyler v. Mirand Response Sys.,* No. H-18-1095, 2019 U.S. Dist. LEXIS 81808, at *8–10 (granting defendant's motion for summary judgment when there was "no evidence that plaintiff revoked her consent" after providing written consent to receive calls and defendant called plaintiff based on that express consent).³

Plaintiff's alleged oral revocation does not create a triable issue regarding revocation of consent. *See Cherkaoui v. Santander Consumer USA*, *Inc.*, 32 F. Supp. 3d 811, 814–15 (S.D. Tex. 2014) (finding no TCPA violation because plaintiff consented to receive calls and account notes demonstrated that plaintiff had not spoken to representatives contradicting his "self-serving" assertion that he revoked consent). Defendant has "provided substantial evidence supporting its TCPA argument, while Plaintiff has failed to meet his burden to raise a genuine issue of material fact or law." *Johnson v. JPMorgan Chase,* No. H-14-1706, 2015 WL 7301082 at *2 (S.D. Tex. 2015). Based upon the January 30, 2017 date of revocation, the Court finds no TCPA violation.

### 3. Agency Relationship Between Defendant and CIO

Plaintiff appears to argue that Defendant is vicariously liable for the alleged acts of CIO based on an agency theory. Pl.'s Resp. 2, 5–8, ECF No. 34. As Defendant points out, Plaintiff makes this assertion without presenting evidence to support it. Def.'s Mot. 12–13; Def.'s Reply 8–10, ECF No. 36. Plaintiff, however, reasons that no legal analysis on the agency issue is necessary because the word "agency" is in "debt collection agency," so "there can be no doubt that CIO was acting as an agent for [Defendant]." Pl.'s Resp. 8. The Court disagrees with Plaintiff's reasoning.

Texas law does not presume agency and the party asserting agency has the burden of proving it. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007). To establish an agency

---

³ *See also Lawrence v. Bayview Loan Servicing, LLC*, 666 F. App'x 875, 879 (11th Cir. 2016) (affirming defendant is "not liable under the TCPA for all calls placed prior to [plaintiff's] first oral revocation of consent").

relationship, the party asserting agency must show a manifestation of consent by the purported agent to act on the principal's behalf and subject to the principal's control, together with a manifestation of consent by the purported principal authorizing the agent to act. *Id.*

Here, the record does not support an agency claim. *See Franklin,* 2019 WL 433650 at *2 (denying plaintiff's motion for summary judgment when plaintiff did "not put forward any evidence to show that [defendant was] an agent" and "the Court couldn't find anything in the record that even remotely suggested" an agency relationship). There is no evidence that CIO acted as an agent on behalf of Defendant and subject to Defendant's control. Defendant's corporate representative testified that CIO follows "their independent collection strategies to work the accounts" and Plaintiff failed to rebut this assertion by presenting evidence to support its agency allegation. ECF Nos. 36-17, 14:19–25; 29-1 at 4. As Plaintiff failed to put forward any evidence to show that CIO acts as an agent of Defendant, Defendant's motion for summary judgment on the TCPA claim is granted.

### B. Defendant's Breach of Contract Counterclaim

To recover for breach of contract under Colorado law, the party claiming breach must show: "(1) the existence of a contract; (2) performance by the party claiming breach; (3) failure to perform by the other party; and (4) resulting damages." *Dig. Satellite Connections, LLC* v. *Dish Network Corp.*, No. 13-CV-02934, 2014 WL 5335807, at *5 (D. Colo. Oct. 20, 2014). The only element of the breach of contract counterclaim Plaintiff disputes is Defendant's damages calculation. Pl.'s Resp. 9. Plaintiff states that he is unwilling to "admit or deny owing specific amounts" because of Defendant's failure to itemize its damages calculation of $622.61. *Id.* The Court finds no genuine issue of material fact regarding the breach of contract counterclaim.

Plaintiff admitted to owing Defendant $622.61 in his deposition but attempts to generate a genuine issue of material fact by stating in his Response that he will not admit to owing Defendant $622.61 in damages. ECF No. 29-2 at 58:1–24; 60:1–2. However, a "party cannot manufacture a genuine issue of material fact by submitting [a declaration] that impeaches prior testimony." *Guerrero*, 932 F. Supp. 2d at 776 (W.D. Tex. 2013). Plaintiff also failed to identify any case where a party's failure to itemize the damages calculation generated a genuine issue of material fact. Plaintiff's baseless arguments attempting to manufacture an issue of fact are insufficient to withstand summary judgment. Therefore, the Court finds that Defendant's motion for summary judgment on the breach of contract counterclaim should be granted.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED** on Plaintiff's claim under the TCPA and Defendant's breach of contract counterclaim. The Court will enter Judgment in favor of Defendant DISH in accordance with this Order. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**SIGNED** this 19th day of June 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE